# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL ZANFINO,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:13-cv-02299-JCM-CWH

**ORDER**

Before the court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1  28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after
2  entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler,
3  132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a
4  properly filed application for state post-conviction review or other collateral review does not count
5  toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). However, an untimely state post-
6  conviction petition is not "properly filed" and does not toll the period of limitation. Pace v.
7  DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v.
8  Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he
9  shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
10 circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at
11 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins,
12 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he
13 persuades the district court that, in light of the new evidence, no juror, acting reasonably, would
14 have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S.
15 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."
16 Bousley v. United States, 523 U.S. 614, 623 (1998). The petitioner effectively files a federal
17 petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
18 The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198,
19 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).
20     Pursuant to a plea agreement, petitioner was convicted in state district court of two counts of
21 possession of a credit or debit card without the cardholder's consent. The judgment of conviction
22 was entered on March 29, 2010. Petitioner did not file a timely appeal. Petitioner did file an
23 untimely appeal, and the Nevada Supreme Court dismissed it for lack of jurisdiction. Zanfino v.
24 State, No. 56158 (Nev. July 19, 2010).[1]

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=23846 (report generated June 13, 2014).

1    On March 29, 2012, 701 days after the judgment of conviction became final, petitioner filed
2 in state district court a motion to correct an illegal sentence.  The state district court denied the
3 motion.  Petitioner appealed.  The Nevada Supreme Court affirmed.  It held that petitioner's motion
4 fell outside the limited scope of claims permissible in a motion to correct an illegal sentence.
5 Zanfino v. State, No. 60806 (Nev. November 14, 2012).[2]  The remittitur issued on December, 11,
6 2012.

7    On October 18, 2012, petitioner filed a post-conviction habeas corpus petition in the state
8 district court.  The state district court denied the petition.  Petitioner appealed.  The Nevada
9 Supreme Court affirmed.  It held that the petition was untimely pursuant to Nev. Rev. Stat. §
10 34.726(1) because petitioner filed the petition more than one year after entry of the judgment of
11 conviction.  Zanfino v. State, No. 62414 (Nev. September 18, 2013).[3]  The remittitur issued on
12 October 15, 2013.

13    On its face, the petition is untimely, and petitioner will need to show cause why the court
14 should not dismiss this action.  The judgment of conviction became final on April 28, 2010, when
15 the time to file a direct appeal expired.  Other than the improperly filed, untimely attempt at a direct
16 appeal, nothing was pending in the state courts for the next year.  The federal one-year period of
17 limitation expired on April 28, 2011.

18    It does not matter whether petitioner's motion to correct an illegal sentence or his state
19 habeas corpus petition are eligible to toll the period.  The illegal-sentence motion might have been
20 eligible for tolling.  See Wall v. Kholi, 131 S. Ct. 1278 (2011).  The state habeas corpus petition
21 was not eligible for tolling because it was untimely.  Pace, 544 U.S. at 417.  However, the one-year
22 period had expired before petitioner filed his illegal-sentence motion.  There was no time left for
23 that motion to toll.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=28972 (report generated June 13, 2014).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30591 (report generated June 13, 2014).

-3-

1    Petitioner has submitted a motion for appointment of counsel (#2). Whenever the court
2 determines that the interests of justice so require, counsel may be appointed to any financially
3 eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district
4 court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to
5 articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v.
6 Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas
7 proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not
8 separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d
9 at 954. After reviewing the petition, the court concludes that appointment of counsel is not
10 necessary.

11    Petitioner has submitted an application to proceed in forma pauperis (#6). The application is
12 moot because petitioner has paid the filing fee.

13    IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of
14 habeas corpus pursuant to 28 U.S.C. § 2254.

15    IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
16 of this order to show cause why the court should not dismiss this action as untimely. Failure to
17 comply with this order will result in the dismissal of this action.

18    IT IS FURTHER ORDERED that the motion for appointment of counsel (#2) is **DENIED**.

19    IT IS FURTHER ORDERED that the application to proceed in forma pauperis (#6) is
20 **DENIED** as moot.

21    IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney
22 General for the State of Nevada, as counsel for respondents.

23    IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
24 copy of the petition and this order. No response is required at this time.

25    DATED: June 17, 2014.

26

27    _____
      JAMES C. MAHAN
28    United States District Judge