# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL ZANFINO,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:13-cv-02299-JCM-CWH

**ORDER**

    The court determined that the petition for a writ of habeas corpus was untimely under 28 U.S.C. § 2244(d)(1), and the court directed petitioner to show cause why the court should not dismiss the action. Order (#7). Petitioner has submitted a memorandum (#10) in response. The court is not persuaded.

    Petitioner first argues that the conviction at issue in this action violates the Double Jeopardy Clause of the Fifth Amendment because he had been convicted of other crimes in another case based upon the same evidence. A double-jeopardy violation is not an exception to the one-year period of limitation. If petitioner is arguing that he is actually innocent because of the double-jeopardy violation, then he is incorrect. A double-jeopardy violation is a matter of legal sufficiency, not actual innocence, and thus does not qualify for excusing the statute of limitation. See Bousley v. United States, 523 U.S. 614, 623 (1998).

    Second, petitioner also argues that the court should excuse a procedural default based upon Martinez v. Ryan, 132 S. Ct. 1309 (2012). Response, at 7-9 (#9). In Martinez, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320 (emphasis added). The distinction between procedural default and untimeliness is important. A claim is procedurally defaulted in federal court if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). In petitioner's case, procedural default is not the issue. The court has not determined that it cannot reach the merits of petitioner's claims due to state-court applications of state law. Rather, the court has determined that the federal habeas corpus petition is untimely because of application of federal law, 28 U.S.C. § 2244(d). Martinez is inapplicable to petitioner's situation.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: February 5, 2015.

_____
JAMES C. MAHAN
United States District Judge